IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Rosalie Weber, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   14 C 7832 |
| | ) | |
| Northstar Location Services, LLC, a | ) | |
| New York limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Rosalie Weber, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Rosalie Weber ("Weber"), is a citizen of the State of Georgia, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a delinquent consumer debt for a Discover Bank account, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in

Chicago, Illinois.

4. Defendant, Northstar Location Services, LLC ("Northstar"), is a New York limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Northstar operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Northstar was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant Northstar is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant Northstar is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Weber is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Discover Bank account. When Northstar began trying to collect this debt from Ms. Weber, by sending her a September 5, 2013 collection letter, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Northstar's collection actions. A copy of this letter is attached

as Exhibit C.

8. Accordingly, on September 17, 2013, Ms. Weber's attorneys at LASPD informed Northstar, in writing, that Ms. Weber was represented by counsel, and directed Northstar to cease contacting her, and to cease all further collection activities because Ms. Weber was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant Northstar sent collection letters, dated May 13, 2014, July 21, 2014 and August 25, 2014, directly to Ms. Weber, which demanded payment of the Discover Bank debt. Copies of these collection letters are attached as Group Exhibit E.

10. Accordingly, on September 11, 2014, one of Ms. Weber's LASPD attorneys had to write to Defendant Northstar yet again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit F.

11. Defendant Northstar's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Northstar's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from

3

communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Weber's, agent/attorney, LASPD, told Defendant Northstar to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Group Exhibit E), Defendant Northstar violated § 1692c(c) of the FDCPA.

16. Defendant Northstar's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Northstar knew that Ms. Weber was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibits D), that she was represented by counsel, and had directed Defendant Northstar to cease directly communicating with her. By directly sending Ms. Weber collection letters (Group Exhibit E), despite being advised that she was represented by counsel, Defendant Northstar violated § 1692c(a)(2) of the FDCPA.

20. Defendant Northstar's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Rosalie Weber, prays that this Court:

1. Find that Defendant Northstar's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Weber, and against Defendant Northstar, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Rosalie Weber, demands trial by jury.

Rosalie Weber,

By: <u>/s/ David J. Philipps</u>
One of Plaintiff's Attorneys

Dated: October 7, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com